# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EWA E. SZYMANSKI,<br><br>Defendant. | Case No. 22-CV-984-JPS<br><br>**ORDER** |

On November 21, 2023, the Court entered a final judgment (1) enforcing the United States of America's tax liens, predicated on the income tax liabilities of Defendant Ewa A. Szymanski ("Defendant" or "Szymanski") for tax years 2013, 2014, and 2015, against Defendant's real property located at 1829 Mequon Road, Mequon, WI 532092 (the "Property"); and (2) directing that the Property be sold subject to further order of the Court. ECF Nos. 14, 15.

Now before the Court is the United States of America's unopposed motion for order of sale and appointment of receiver. ECF No. 16. The Court will grant the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff United States of America's unopposed motion for order of sale and appointment of receiver, ECF No. 16, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that:

1. Pursuant to 26 U.S.C. § 7403(d), the Court appoints Peter Gohsman, a Relator with The Gohsman Group of Keller

Williams, located in Whitefish Bay, Wisconsin, as Receiver for the Property, for the purposes of selling the Property;

2. The Receiver shall have immediate and unrestricted access to the Property at all reasonable times of day. The Receiver shall bring with him on any visits to the Property multiple copies of this Order and shall deliver the same to anyone found to be occupying the Property and shall orally inform such occupant(s) that they are subject to the terms of this order;

3. The Receiver shall have all the rights, powers, and obligations under this Order:

   a. The power to protect and preserve the value of the Property prior to sale and to put the Property into saleable condition;

   b. The power to make reasonable expenditures in connection with the powers granted in the previous paragraph, provided the Receiver obtains prior written approval from counsel for the United States;

   c. The power to enter onto the Property and manage the Property, including collecting rents if applicable;

   d. Once the property is vacated as described *supra*, the Receiver shall take immediate possession of the Property, including all buildings, improvements, fixtures, appurtenances, materials, and equipment thereon. Upon taking possession, the Receiver may change the locks and shall be reimbursed for that expense;

   e. The power to promote and advertise the Property for sale in accordance with accepted industry practices for Realtors in the Milwaukee metropolitan area;

f. The power to accept an offer by signing a purchase contract, provided the Receiver complies with paragraph 7 and the terms of the offer comply with paragraph 6;

g. The power to make a counteroffer, provided the Receiver complies with paragraph 7 and the terms of the counteroffer comply with paragraph 6;

h. The power to take any other action in connection with the sale of the Property that constitutes a commercially reasonable practice for Realtors in the Milwaukee metropolitan area;

i. The power to set an initial listing price for the Property so long as the Receiver informs counsel of the United States and Szymanksi of that initial listing price. The United States or Szymanski may file an objection to that initial sales price with the Court within seven (7) days of being so informed;

j. The power to reduce the listing price as necessary in the Receiver's judgment. If the Receiver seeks to reduce the listing price the property, he must give three (3) days advance notice to counsel for the United States and Szymanski. During that three (3) day period, any party that objects to the Receiver's proposed reduction may file an objection with the Court. Any non-objecting party may then file a response to the objection within three (3) days thereafter; and

k. The Receiver shall comply with the Code of Ethics and Standards of Practice of the National Association of Realtors that is in effect when performing services under this Order;

4. Szymanski shall have the following obligations under this Order:

    a. Szymanski shall pay all local property taxes associated with the Property and insure the Property (i.e., maintain homeowner's insurance) until the sale of the Property closes;

    b. Szymanski, and her heirs, successors, or assigns, including but not limited to any person(s) who may be in possession of the property by permission of the Szymanski, shall cooperate fully with the Receiver and shall also take all necessary actions to enable the Receiver to convey marketable title to the Property;

    c. Szymanski, and anyone working in concert with her or at her direction, shall not do anything that interferes with the rights or responsibilities of the Receiver or that tends to reduce the value or marketability of the Property or cause or permit anyone else to do so, such as causing damage to or committing waste against the Property. Szymanski shall not cause, or permit anyone else to, record any instruments in the county land records, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential purchasers from viewing or making offers to purchase the Property or from completing any purchase;

    d. Szymanksi and any other person(s) occupying the Property shall vacate and depart from the Property by February 28,

2024, leaving in place all fixtures, improvements, and major appliances (refrigerator, stove/oven/range, washing machine, dryer, dishwasher) without disturbance to the premises, and shall remove therefrom any personal property items other than major appliances, fixtures, or improvements. Any personal property not so removed shall be deemed abandoned and may be disposed of (or sold) as determined to be appropriate by the Receiver;

e. If Szymanski expects the Property to be vacated by her and any other occupants prior to February 28, 2024, then Szymanski shall notify the Receiver and counsel for the United States at least 72 hours before the expected vacancy date; and

f. Violation of this paragraph shall be deemed a contempt of court and punishable as such;

5. If any person fails or refuses to vacate the Property by the date specified in this Order, the United States is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take all necessary actions, including but not limited to, the use of reasonable force, to enter and remain on the Property, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to use reasonable force to arrest or evict from the Property any persons who obstruct,

attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order, including but not limited to, the refusing to grant access to the Receiver, and to prevent any person from causing damage to the Property at any time prior to confirmation of the judicial sale, or otherwise committing waste against the Property. If the United States discovers that the Property is being damaged in any way, the United States Marshals Service is authorized to intervene in any way they deem necessary to stop the damage or waste without further order or authorization from the Court, including by coordinating with other federal, state, or local law enforcement agencies;

6. The following terms shall apply to any sale of the Property pursuant to this Order:

   a. The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

   b. The Property shall be sold free and clear of the interests of Szymanski, the United States, and any potential buyer(s) described in paragraph 6.e.iii.

   c. Any contingency clauses included in any purchase contract must be approved in writing by counsel for the United States and must be removed within a short (mutually agreed) time after the Receiver signs a purchase contract, except that any purchase contract may be made contingent upon the purchaser's ability to obtain conventional title insurance effective at closing.

- d. The sale shall be subject to building lines, if established, all laws and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.
- e. The terms of any purchase contract shall include an earnest money deposit that:
    - i. Will be returned to the potential buyer(s) if the Court does not confirm the sale;
    - ii. Will be returned to the potential buyer(s) if any contingency clauses permitted under paragraph 6.c are not satisfied; and
    - iii. otherwise will be forfeited, deposited with the Clerk of Court in a noninterest-bearing registry, and distributed pursuant to further order of the Court.
- f. The closing shall not occur until after the terms of the proposed sale have been confirmed by further order of this Court. At closing, the purchaser(s) shall receive a Receiver's deed to the Property executed by the Receiver;

7. The Receiver must obtain prior written approval from counsel for the United States to make a counteroffer or sign any purchase contract. Any purchase contract for the sale of the subject real property is contingent on court confirmation of the sale prior to closing. After the purchase contract is signed and the earnest money deposit is made, counsel for the United States shall be responsible for filing a motion to confirm the sale of the subject property;

8. The Receiver shall be compensated from the proceeds of the sale of the Property in an amount equal to six percent of the gross proceeds, which shall be shared with any real estate agent for the purchaser(s) to the extent consistent with customary local practice. In addition, the Receiver shall be reimbursed from the sale proceeds for the Receiver's reasonable and necessary expenditures that the Receiver incurred in performing services authorized paragraph 3 and that were first approved in writing by counsel for the United States;

9. The Clerk of the District Court shall accept the proceeds of any forfeited earnest money described supra (e)(iii) and deposit them into the Court's noninterest-bearing registry and hold them until distribution is directed pursuant to further order of this Court;

10. The Clerk of the District Court shall accept the sales proceeds from the confirmed sale and deposit them with the Clerk of Court in a noninterest-bearing registry and hold them until distribution is directed pursuant to further order of this Court. In the alternative, at the discretion of the Receiver, the sale proceeds sale may be distributed directly from escrow by the title company effectuating the sale. In this case, the buyer shall be responsible for all escrow fees;

11. After the Court confirms the sale of the Property, the sale proceeds shall be distributed in the following order of priority as set forth in this Court's judgment (Doc. 15), entered on November 21, 2023, and repeated here:

    a. First, to the payment of the expenses to market and sell the property (including making any repairs), customary closing

costs (including real property taxes), and payment of the Receiver's commission;

b. Second, $60,000 to Szymanski; and

c. Third, the remainder of the net sale proceeds to the United States.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge